**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ERIC MULLINS,                                         :

                Plaintiff,

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.            :

Case No. 3:10-cv-404

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Defendant Commissioner's Motion for Voluntary Remand. (Doc. 13). Plaintiff opposes the Commissioner's Motion, the parties have fully briefed the issues, (*Id.* Doc. 14, 15), and the matter is ripe for Report and Recommendations.

On October 25, 2010, Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for judicial review of the Commissioner's partially unfavorable decision with respect to his application for Social Security Disability benefits (SSD). (Doc. 2). The Commissioner filed his Answer and a certified copy of the administrative record, (Doc. 5, 6), and Plaintiff filed his Statement of Specific Errors. (Doc. 9). The Commissioner's present Motion followed. (Doc. 13).

The Commissioner has moved the Court to enter an order and judgment reversing the Commissioner's final decision pursuant to the fourth sentence of 42 U.S.C. § 405(g), with remand to the Commissioner for the purpose of conducting further administrative proceedings and

issuing a new decision. PageID 544. The Commissioner has conceded that he erred at the fifth step of the sequential evaluation process, PageID 554, and Plaintiff seems to acknowledge that error. PageID 548. However, Plaintiff opposes the Commissioner's Motion essentially arguing that while reversal is appropriate, the matter should be remanded for the payment of benefits. *Id.*

Although Plaintiff has declined to stipulate to a voluntary remand, the Court notes that in his Statement of Errors, Plaintiff specifically argues in support of both of his Errors, that, *inter alia*, "at a minimum, remand is required." PageID 530; 533.

The Social Security Act reads in relevant part:

> **§ 405.  Evidence, procedure, and certification for payments**
> ...
> **(g) Judicial review**
> ...
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. ... The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405 (g)

The Commissioner filed his present Motion seven months after he filed his Answer and about three months after Plaintiff filed his Statement of Issues. That, of course, distinguishes this case from one in which the Commissioner moves for remand prior to filing his Answer. The question, then, is whether remand is appropriate at this stage of the litigation. Although this case does not involve the issue of exhaustion of administrative remedies, this Court finds the law with

respect to exhaustion instructive.

The Supreme Court has long acknowledged the general rule that parties should exhaust prescribed administrative remedies before seeking relief from the federal courts. *McCarthy v. Madigan,* 503 U.S. 140, 144-45 (1992)(citation omitted)[1]. Exhaustion is required because it serves the twin purpose of protecting administrative agency authority and promoting judicial efficiency. *McCarthy*, 503 U.S. at 145. The exhaustion doctrine recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer. *Id.* The exhaustion doctrine also acknowledges the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court. *Id*.

Exhaustion promotes judicial efficiency in at least two ways. *Id.* When an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided. *Id.*(citation omitted). And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration. *Id.*(citation omitted). In other words, administrative exhaustion is required to allow development of a factual record, to conserve court time because the remedy may be granted at the administrative level, and to allow the administrative agency the first opportunity to correct errors.

With these principles in mind, this Court concludes that this matter should be

---

[1] In *McCarthy*, the Court determined that Congress had not expressed in 42 U.S.C. § 1997e an intent to require federal prisoners to exhaust administrative remedies before seeking *Bivens* relief in federal courts. However, Congress amended 42 U.S.C. § 1997e in 1996, and it is arguable that *McCarthy is now superceded by statute. However, the principles for which this Court relies on* McCarthy *have not changed.*

remanded to the Commissioner. Remand will, of course, allow the Commissioner to fully develop the factual record. In addition, the Commissioner ought to have the opportunity to correct his admitted error and then reconsider his decision that Plaintiff is not disabled. Finally, as noted above, Plaintiff suggested to the Court in his Statement of Errors that remand would be appropriate.

The Commissioner has represented to this Court that on remand, he will hold a new hearing and issue a new decision. PageID 554. The Commissioner has also represented that he will not disturb Administrative Law Judge Thaddeus Armstead's finding in his December 18, 2009, Decision that Plaintiff was disabled beginning on July not the first, 2006, and ending on August 10, 2008. *Id.*; see PageID 70.

It is therefore recommended that Defendant Commissioner's Motion for Voluntary Remand, (Doc. 13), be granted.

August 12, 2011                                                         s/ **Michael R. Merz**
                                                                         United States Magistrate Judge

## NOTICE  REGARDING  OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), ©), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after

being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).