# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIC MULLINS, :

               Plaintiff,

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

               Defendant. :

Case No. 3:10-cv-404

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act. (Doc. 21). The parties have fully briefed the issues, (*Id.*, Doc. 23, 24), and the matter is ripe for Report and Recommendations.

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $3,150.31. (Doc. 21). In support of the Motion, Plaintiff's counsel has provided an itemization of time which reveals that counsel spent 18.25 hours representing his client in this matter. PageID 581. Plaintiff does not seek an award for costs and expenses. PageID 576. The Commissioner opposes Plaintiff's Motion arguing that the fee is excessive. (Doc. 23).

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than

cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990). EAJA fees are payable to the litigant. *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010).

A review of the procedural history of this matter is appropriate. Plaintiff filed his Complaint in this matter on October 25, 2010, seeking judicial review of the Commissioner's decision denying his application for Social Security Disability (SSD). (Doc. 2). On April 6, 2011, Plaintiff filed his Statement of Errors. (Doc. 9). The Commissioner filed a Motion for Voluntary Remand on July 22, 2011, (Doc. 13), which Plaintiff opposed. (Doc. 14). On August 12, 2011, this Court issued a Report and Recommendations recommending that the Commissioner's Motion be granted. (Doc. 16). Plaintiff filed Objections to that Report, (Doc. 17), to which the Commissioner responded. (Doc. 18). On September 19, 2011, District Judge Thomas M. Rose adopted the August 12, 2011, Report in its entirety and remanded the matter to the Commissioner for further administrative proceedings. (Doc. 19). On that same date, the clerk entered judgment accordingly. (Doc. 20). This Motion followed.

As noted above, the Commissioner has opposed Plaintiff's Motion arguing that the

requested fee is excessive. PageID 611. Specifically, the Commissioner argues that the hourly rate and the number of hours billed are unreasonable. *Id.* However, there is no dispute that for purposes of the EAJA, Plaintiff is a prevailing party and that he timely filed his present Motion.

The Court turns to the question of the reasonableness of Plaintiff's requested fee.

The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is excessive, redundant, or inadequately documented. *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney. *See Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989). Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation. *See Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002); *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

The Court will first address the Commissioner's second argument which is related to the numbers of hours for which Plaintiff seeks an award of fees. The Commissioner argues that Plaintiff should not be awarded fees for clerical or secretarial hours and he points to a 2.50 hour billing entry dated "4/4/2011" for index transcript. PageID 614. Essentially, the Commissioner's position is that Plaintiff should not be compensated for this time because indexing the transcript is a clerical task. *Id.*

The billing entry with which the Commissioner takes issue is dated "4/4/2011" and reads "[r]eview docket; review file; index transcript; begin review of same". PageID 581. As noted by the Commissioner, the administrative transcript in this matter contains an index. However,

3

that index is compiled by the Commissioner using his own index practices. PageID 32-34. The Court does not think it is unreasonable for counsel to use his or her own indexing practices when dealing with a transcript that is hundreds of pages in length. This is particularly true when this Court's Sixth Amended Magistrate Judges' General Order No. 11 (Sept. 1, 2011) requires Plaintiff's statement of specific errors "be organized in the form of a memorandum in support of the plaintiff's position and [ ] also include PageID references to the administrative record ... [and] [ ] present the detail ordinarily expected in a motion for summary judgment ...". *Id.*

The Commissioner argues next that Plaintiff should not be compensated for those hours which are related to Plaintiff's opposition to the Commissioner' Motion for Voluntary Remand. PageID 614-16. The Commissioner's position is that Plaintiff should not be compensated for unsuccessful efforts. *Id.* Specifically, the Commissioner claims that he moved for voluntary remand, the parties could not agree on the language the remand order should contain, therefore Plaintiff opposed the motion, the Court ultimately granted the Commissioner's motion, and accordingly, Plaintiff's efforts in opposing the Commissioner's motion were unsuccessful. *Id.*

While it is true that for purposes of the EAJA, Plaintiff is the "prevailing party" by virtue of the fact that judgment was entered in favor of Plaintiff and against the Commissioner, Doc. 20, the same cannot be said for Plaintiff's efforts in opposing the Commissioner's Motion for Voluntary Remand.

A closer review of the procedural history related to the Commissioner's motion to remand is appropriate.

In opposing the Commissioner's motion, Plaintiff primarily argued that the Commissioner's decision should be reversed and the matter remanded for an award of benefits and

4

not for further administrative proceedings. (Doc. 14). This Court rejected Plaintiff's arguments and issued its Report recommending that the matter be remanded for additional proceedings. (Doc. 16). In his Objections to that Report, Plaintiff again primarily argued that the matter should be reversed and remanded for the payment of benefits and not for further administrative proceedings. (Doc. 17). Judge Rose rejected Plaintiff's Objections, adopted the Report in its entirety, granted the Commissioner's motion, and remanded the matter for further administrative proceedings. (Doc. 19).

This review of this procedural history reveals that Plaintiff's argument that the Commissioner's decision should be reversed and the matter remanded for the payment of benefits and not for further proceedings was rejected by the Magistrate Judge as well as by Judge Rose. Therefore, Plaintiff did not prevail in his opposition to the Commissioner's Motion for Voluntary Remand. Accordingly, this Court agrees with the Commissioner that Plaintiff should not be awarded fees for the time counsel spent opposing the Commissioner's Motion for Voluntary Remand. That time includes the following hourly billing entries made in 2011: July 25 (1.50); August 4 (.25); August 12 (.25); August 12 (.25); August 29 (1.25); September 13 (.25); and September 21 (.25) for a deduction of 3.75 hours from the 18.25 hours reflected on counsel's time sheet for a total of 14.50 compensable hours.

The Court now turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America

Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in December, 2011, was 225.672. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.45 (225.672 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $181.25 ($125.00 x 1.45). As noted above, Plaintiff seeks an award of $3,150.31. When that figure is divided by the number of compensable hours (14.50), it results in an hourly fee of $217.26, far above the EAJA's allowable maximum hourly rate of $181.25. However, a fee of $2,502.99 represents Plaintiff's requested hourly rate of $172.62 which is within the EAJA's reasonable allowable fee. The Court concludes that under the facts of this case, an EAJA fee of $2,502.99 is appropriate[1].

There is a remaining issue that this Court must now address.

---

[1] The Court notes that Plaintiff seeks an award of fees for work performed October, 2010, through December, 2011. The CPI All Items Index during that time ranged between 1.39 (October, 2010) and 1.46 (December, 2011). The average of the CPI All Items Index during the period for which Plaintiff seeks fees is 1.43. The Court notes that applying a 1.43 CPI All Items Index to the formula, EAJA the hourly rate would be $178.75, higher than the $172.62 per hour fee Plaintiff seeks.

On October 14, 2010, Plaintiff executed a Statement by Claimant Regarding EAJA Fees in which Plaintiff "assign[ed] all rights to attorney fees obtained pursuant the Equal Access to Justice Act (EAJA) to [his attorney]...." PageID 582.

The Supreme Court held in *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010), that EAJA fees are payable to the litigant rather than the attorney. In *Bishop v. Astrue,* No. 3:08cv375, 2010 WL 4279185 (S.D. Ohio Sept. 29, 2010)(Ovington, M.J.), the Court addressed a motion for EAJA fees which involved a "Statement by Claimant Regarding EAJA Fees" in which the plaintiff has assigned his interest in any EAJA fees to his counsel. In addressing the assignment issue in light ot *Ratliff,*, Magistrate Judge Ovington said:

> The EAJA instructs the courts to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action brought ... against the United States." 28 U.S.C. § 2412(d)(1)(A).
>
> In a recent social security case involving the Commissioner's payment of attorney fees under the EAJA, the Supreme Court held: "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff v. Astrue*, ___ U.S. __, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010); see *Bryant v. Commissioner of Soc. Sec*., 578 F.3d 443, 447 (6th Cir.2009) (same).
>
> The Government asks this Court to consider, under *Ratliff*, that the Court should not require payment of EAJA fees directly to Plaintiff's counsel since this "may circumvent the Debt Collection Improvement Act." (Doc. # 17 at 118). The Government notes that if EAJA fees are awarded, it intends to "evaluate the propriety of directing payment to [Plaintiff's] attorney pursuant to an assignment...." Id. at 119.
>
> Plaintiff argues, "in *Ratliff*, the Supreme Court did not reject the use of an assignment to permit payment of an EAJA award (minus any Federal debt owed) directly to Plaintiff's attorney." (Doc. # 18 at 122). Plaintiff thus seeks an Order directing the Commissioner to pay the EAJA award directly to her counsel of record. Id.

7

> Although Plaintiff has assigned her EAJA award to her attorney (Doc. # 18, Exhibit A), it is not known today whether she owes a debt to the United States. In *Ratliff*, the Supreme Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney. ___U.S. at ___, 130 S.Ct. at 2528-29. The Court further noted that, based on the record before it, "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." Id. at 2529 (internal quotation marks omitted).
>
> Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, "in light of *Ratliff*, ... it [is] a better practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the [G]overnment that may be satisfied, in whole or in part, from the EAJA awards." *Preston v. Astrue*, unpubl. op., 2010 WL 3522156 at *2 (M.D.Fla. Sept.8, 2010). The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it. *Id*. If no such unpaid debt exists, or if EAJA fees remain after a governmental offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney. *Cf. Ratliff*, ___ U.S. at ___, 130 S.Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J., concurring).
>
> Accordingly, in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff should be awarded attorney fees under the EAJA as a prevailing party, and no Order should issue regarding the direction such fees must be paid.

*Bishop,* 2010 WL 4279185 at *4-5.

Neither party filed Objections the Report and District Judge Thomas Rose subsequently adopted Magistrate Judge Ovington's Report in its entirety. *Bishop v. Astrue,* No. 3:09cv00375, 2010 WL 4258861 (S.D. Ohio Oct. 21, 2010).

In addressing a motion for EAJA fees in *Simpson v. Commissioner,* No. 3:09cv143,

2010 WL 5088125 (S.D. Ohio, Nov. 17, 2010), in which the plaintiff had assigned to his counsel plaintiff's interest in EAJA fees, in its Report this Court noted that it was persuaded by Magistrate Judge Ovington's analysis. Relying on *Bishop* this Court determined that *Ratliff,* was controlling. The Court recommended that in light of the facts that: (1) the plaintiff in *Simpson* had assigned to his counsel his interest in EAJA fees; and (2) that there was a lack of information regarding whether he owed a debt to the United States, the plaintiff should be awarded the EAJA fees as a prevailing party and that no Order issue regarding to whom such fees must be paid. *Id.* at *5. As with *Bishop,* neither party filed Objections to the Report in *Simpson* and District Judge Rose adopted my Report in its entirety. *Simpson v. Commissioner,* No. 3:09cv143, 2010 WL 5071783 (S.D. Ohio Dec. 7, 2010).

In view of *Bishop* and *Simpson,* this Court again concludes that *Ratliff* is controlling despite the assignment Plaintiff executed on October 10, 2010.

It is therefore recommended that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ..., (Doc. 21), be granted to the extent that the allowable fee be amended to the amount of $2,502.99. Consistent with *Ratliff, Bishop* and *Simpson,* it is further recommended that in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff be awarded the EAJA fees as a prevailing party, and no Order issue regarding the direction such fees must be paid.

February 1, 2012                                                  s/ **Michael R. Merz**
                                                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).