**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ERIC MULLINS,                                  :

                              Case No. 3:10-cv-404

          Plaintiff,

                              District Judge Thomas M. Rose
                              Magistrate Judge Michael R. Merz

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.              :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Commissioner's Motion for Relief Under Rule 60(b)(6). (Doc. No. 29). Plaintiff Eric Mullins has opposed the Motion, (Doc. No. 30). The Commissioner has not filed a Reply and the time within which to do so has passed. See S.D.Ohio L.R. 7.2(a)(2). The Motion is thus ripe for decision. As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

Plaintiff originally brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's partially unfavorable decision with respect to his application for Social Security Disability Benefits (SSD). (Doc. No. 2). On September 19, 2011, over Plaintiff's Objections, District Judge Thomas Rose adopted my Report and Recommendations and granted the Commissioner's Motion for Remand. (Doc. Nos. 16, 19). The clerk entered judgment on September

19, 2011 (Doc. No. 20).

Plaintiff moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $3,150.31, and I subsequently recommended that Plaintiff's motion be granted in the amount of $2,502.99.  (Doc. Nos. 21, 25).  That amount represented an hourly rate of $172.62.  *Id.*  On February 27, 2012, and over the Commissioner's objections, Judge Rose adopted my recommendation and granted Plaintiff's motion for EAJA fees in the amount of $2,502.99.  (Doc. 28).  The Commissioner's present motion followed on March 20, 2012.  (Doc. No. 29).

The Commissioner argues that the Court should grant him relief pursuant to Fed.R.Civ.P.60(b)(6) on the grounds that the Court did not substantively address the Commissioner's objection that the Report had itself neglected to address the substance of the Commissioner's argument that Plaintiff had failed to justify an entitlement to fees at a rate higher than the EAJA's statutory rate of $125.00 her hour.  PageID 754.  In support of his argument, the Commissioner relies on *Douglas v. Commissioner,* No. 3:10-cv-188, 2012 U.S. Dist. LEXIS 36735 (S. D. Ohio, Mar. 19, 2012)(Rice,J.).  (Doc. No. 29, Ex. 1 attached thereto; PageID 758-63).

In *Douglas,* Judge Rice rejected a recommendation that the Court grant the plaintiff's motion for EAJA fees in an amount that represented an hourly rate of $171.81.  *Id.*  Judge Rice noted that in support of the fee motion, the plaintiff's counsel submitted her time sheets along with the United States Department of Labor's Consumer Price Index showing yearly cost-of-living increases from 1996, when the hourly $125.00 EAJA statutory cap was set, through 2010.  PageID 760.  Relying on *Bryant v. Commissioner of Social Security,* 578 F.3d 443 (6th Cir. 2009), Judge

2

Rice determined that the plaintiff had failed to satisfy his burden of proving that a rate increase was justified. PageID 760. Specifically, Judge Rice noted that *Bryant* provides that the plaintiff must produce evidence, in addition to the attorney's own affidavits, that the requested hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." PageID 760, citing *Bryant,* 578 F.3d at 450, quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984). Judge Rice acknowledged that he "and his Dayton colleagues have repeatedly found that the Consumer Price Index justifies an increase in the statutory hourly rate, and have repeatedly found that hourly rates of $171 ... were reasonable." PageID 761. However, Judge Rice noted that in those cases, the Commissioner did not challenge the hourly rate which the plaintiffs had requested but that in the case before him the Commissioner *had* challenged the sufficiency of evidence presented in support of the plaintiff's request for an hourly rate above the statutory cap. *Id.* (emphasis supplied). Judge Rice noted further that when presented with challenges similar to the one *Douglas* presented, "many of [his] colleagues in this district have found that plaintiffs who submitted only the Consumer Price Index failed to meet their burden of proof and were therefore limited to the statutory cap of $125 per hour." PageID 761-62 (citations omitted).

Fed.R.Civ.P. 60(b) provides that relief from a final judgment may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based

3

>on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). As noted above, the Commissioner seeks relief pursuant to Fed.R.Civ.P. 60(b)(6).

The standard for granting a Rule 60(b) motion for relief from final judgment is significantly higher than the standard applicable to a Rule 59(e) motion to alter or amend a judgment. See *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Rule 60(b) motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.,* 229 F.3d 491, 502-03 (6th Cir. 2000). A Rule 60(b) motion is not a substitute for an appeal. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007), citing*, Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989).

Relief from judgment under Rule 60(b)(6) is available "only in exceptional circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990), citing *Hooper,* 867 F.2d at 294*.* Even "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *GenCorp.,* 477 F.3d at 373, quoting *Agostini v. Felton,* 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001). "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." *GenCorp, Inc.,* 477 F.3d at 373, quoting *Blue Diamond*, 249 F.3d at 524.

As noted above, Judge Rose adopted my Recommendations and granted Plaintiff's

motion for EAJA fees on February 27, 2012. The Commissioner filed his present motion on March 20, 2012. In support of his motion, the Commissioner relies on *Douglas* which Judge Rice decided on March 19, 2012, some three weeks *after* Judge Rose granted Plaintiff's motion for fees. Assuming *Douglas* is "an intervening development in the law," standing alone, it does not constitute an extraordinary circumstance required for relief under Rule 60(b)(6). See, *GenCorp, supra*.

The issue of EAJA fees and a plaintiff's burden to prove entitlement to more than the statutory rate is an issue deserving of general reconsideration in light of *Douglas, supra*. That reconsideration does not, however, justify upsetting a final judgment. The time within which a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) must be brought has no definite limit. Allowing this Motion would potentially thrust the Court into reconsidering many final judgments on EAJA fees.

It is therefore recommended that the Commissioner's Motion for Relief Under Rule 60(b)(6) be denied.

April 30, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Social Security\Mullins_60b6.wpd

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically

extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).